UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
KATHLEEN A. CORONNA,

        Plaintiff,

**MEMORANDUM & ORDER**

   -against-

COUNTY OF SUFFOLK; SUFFOLK            Civil Action No. 05-6016
COUNTY POLICE DEPARTMENT;
ONE UNKNOWN SUFFOLK COUNTY
POLICE OFFICER, JOHN DOE #1,

        Defendants.
------------------------------------------------------X

**APPEARANCES:**

**Law Office of Andrew J. Schatkin**
Attorney for Plaintiff
350 Jericho Turnpike
Jericho, New York 11753
By: Andrew J. Schatkin, Esq.

**Christine Malafi, Suffolk County Attorney**
Attorney for Defendants
H. Lee Dennison Building
100 Veterans Memorial Highway
Hauppauge, New York 11788
By: Susan A. Flynn, Esq.

**HURLEY, Senior District Judge:**

     Plaintiff Kathleen A. Coronna ("Plaintiff" or "Coronna") commenced this action

asserting claims pursuant to 42 U.S.C. § 1983 and state tort law for injuries allegedly sustained

by her on January 8, 2003.  Named as Defendants in the amended complaint are the County of

Suffolk (the "County"), the Suffolk County Police Department ( the "Police Department"), and

John Doe #1, an unknown Suffolk County Police Officer ("Officer Doe") (collectively referred to as "Defendants"). Presently before the Court are Plaintiff's motion to amend her complaint a second time and Defendants' motion for summary judgment. For the reasons set forth below, Plaintiff's motion to amend is denied and Defendants' motion for summary judgment is granted in part and denied, without prejudice, in part.

## *Background*

Coronna commenced this action by filing a complaint on December 23, 2005. In her original complaint, Plaintiff named as defendants the County, its Police Department and "four unknown police officers of the Suffolk County Police Department Fourth Precinct." The original complaint alleged that on January 8, 2003, Plaintiff was a passenger in a 1995 car driven by another, "presently unknown," when the unknown officers illegally and unlawfully stopped the car, pulled out Coronna and brutally attacked and beat her causing serious physical injury resulting in her hospitalization. "This incident occurred on Jericho Turnpike in the town [sic] of Huntington . . . ." Compl. ¶¶ 7-8 (Docket Entry No.1). Based on these core allegations, Plaintiff asserted a federal claim under § 1983 and state tort claims for assault and battery and intentional infliction of emotional distress. Defendants filed an Answer on January 17, 2006 asserting as defenses, *inter alia*, the statute of limitations and the failure to comply with the notice of claim requirements of the New York General Municipal Law. Answer ¶¶ 12 & 14 (Docket Entry No. 2).

By letter dated February 24, 2006, Coronna requested permission to amend the complaint. (Docket Entry No. 6). A motion to amend the complaint was filed on March 14, 2006 (Docket Entry No. 8) and was granted, on consent, by Order dated March 27, 2006. Named as defendants

in the amended complaint were the County, its Police Department and "one unknown Suffolk County police officer." In addition to deleting three unknown officers as defendants, the amended complaint made changes in the substantive allegations. According to the amended complaint, in the late afternoon on January 8, 2003, Coronna was driving along Jericho Turnpike in the Town of Huntington and was proceeding to shop for clothes with about $1,000.00 on her person. She did not own the car and had no registration or insurance card as these were in the possession of the car's owner, one Richard Ferrara. Plaintiff was stopped by several Suffolk County Police Officers and was taken in a car to what she believes was the Riverhead Correctional Facility. At the facility she was taken upstairs and put in a cell where she was brutally assaulted by a police officer resulting in a six day hospitalization. Amended Complaint ¶ 7 (Docket Entry No. 8-1). Based on these allegations, Plaintiff again asserted a federal claim under § 1983 and state tort claims for assault and battery and intentional infliction of emotional distress. Defendants filed an answer to the amended complaint on April 6, 2006. Again, the statute of limitations and the failure to comply with the notice of claim requirements of the New York General Municipal Law were asserted as defenses to the action. Answer to Amended Complaint ¶¶ 11 & 12 (Docket Entry No. 10).

In her current motion, Plaintiff seeks to amend her complaint again to "add and designate the proper parties." Plaintiff's proposed second amended complaint removes the Police Department and Police Officer John Doe as defendants and adds in their stead the Suffolk County Department of Corrections and one unknown Suffolk County Corrections Officer. The substantive allegations remain the same as in the amended complaint except that the assault is alleged to have been administered by an unknown corrections officer rather than a police officer.

***Discussion***

## I.  Motion to Amend

### A.  Legal Standard

Federal Rule of Civil Procedure ("Rule") 15(a) provides in pertinent part that leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  A motion to amend may properly be denied on the grounds of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed,  undue prejudice to the opposing party by virtue of the allowance of the amendment, or futility of the proposed amendment.  *See Dluhos v. Floating & Abandoned Vessel, Known as N.Y.*, 162 F.3d 63, 69 (2d Cir. 1998) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Although the decision whether to allow a party to amend his complaint is left to the sound discretion of the district court, there must be good reason to deny the motion.  *See Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 55 (2d Cir. 1995); *see also S.S. Silberblatt, Inc. v. E. Harlem Pilot Block-Bldg. 1 Hous. Dev. Fund Co.*, 608 F.2d 28, 42 (2d Cir. 1979).  "One appropriate basis for evaluating the productivity of a proposed amendment lies in the relative futility of accepting the proposed amended complaint."  *Wilson v. Toussie*, 260 F. Supp. 2d 530, 535 (E.D.N.Y. 2003);  *accord Jones v. N.Y. State Div. of Military & Naval Affairs*, 166 F.3d 45, 50 (2d Cir. 1999).

Because Plaintiff seeks to add the Corrections Department and Corrections Officer "John Doe" as defendants in this action, "[Rule] 21 is implicated in addition to [Rule 15]."  *Sullivan v. County of Suffolk*, 2006 WL 2844205, at *6 (E.D.N.Y. June 1, 2006).  The standard for leave to amend under Rule 21 is the same as that under Rule 15, and therefore futility is also a proper

ground to consider in deciding whether Plaintiff may add new defendants to this action. *See, e.g., Health-Chem Corp. v. Baker,* 915 F.2d 805, 810 (2d Cir. 1990).

### B. Parties' Contentions

Plaintiff maintains leave to amend should be granted because she mistakenly believed that it was a police officer that assaulted her in the Riverhead Correctional Facility and did not learn that in fact the correct party was a corrections officer until she was so informed by Defendants. Defendants oppose the motion arguing that the amendment is futile because (1) the § 1983 claim is barred by the statute of limitations and the amendment would not relate back to the filing of the original complaint under Federal Rule of Civil Procedure 15(c) because the location of the assault and the category of individual alleged to have committed the assault are different; and (2) the state tort claims were already barred by the statute of limitations at the time the original complaint was filed; in addition, they are barred because plaintiff has not complied with the notice of claim requirement of the New York General Municipal Law. In reply, Plaintiff does not address Defendants' arguments on the state law claims. With respect to the § 1983 claim, Plaintiff does not dispute that, absent relation back, the claim is barred. Rather, she asserts that the amendment relates back because the core of the complaint arises out of the same conduct, transaction or occurrence and "that there has been a substitution of parties is not significant here, since the change reflects the truth that the County knew of, and basically, does not alter the facts and issues of the beating and assault which occurred at the Riverhead Correctional Facility." (Pl.'s Reply 9.)

**C. The Proposed Amendment is Futile**

    1. <u>The Section 1983 Claim</u>

Federal Rule of Civil Procedure 15(c) is entitled "Relation Back of Amendments" and

provides in pertinent part:

> (1)    When an Amendment Relates Back. An amendment to a
> pleading relates back to the date of the original pleading
> when:
> (A) the law that provides the applicable statute of limitations
> allows relation back;
> (B) the amendment asserts a claim or defense that arose out
> of the conduct, transaction, or occurrence set out –or
> attempted to be set out – in the original pleading; or
> (C) the amendment changes the party or the naming of the
> party against whom a claim is asserted, if Rule 15(c)(1)(B)
> is satisfied and if, within the period provided by Rule 4(m)
> for serving the summons and complaint, the party to be
> brought in by amendment:
> (i) received such notice of the action that it will not be
> prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have
> been brought against it, but for a mistake concerning the
> proper party's identity.

Fed. R. Civ. P. 15(c). The "touchstone" for relation back "is notice, i.e. whether the original

pleading gave a party 'adequate notice of the conduct transaction, or occurrence that forms the

basis of the claim or defense' . . . . 'The rationale of Rule 15(c) is that a party who has been

notified of litigation concerning a particular occurrence has been given all the notice that statutes

of limitations were intended to provide.'" *United States v. The Baylor Univ. Med. Ctr.*, 469 F.3d

263, 270 (2d Cir. 2006) (citations omitted).

    Under Rule 15(c) in order for an amended pleading to relate back to the original pleading

the amendment must assert a claim "that arose out of the conduct, transaction or occurrence set

out or attempted to be set out in the original pleading."   As one noted treatise states:

> When plaintiff attempts to allege an entirely different transaction by amendment, Rule 15(c)will not authorize relation back.  For example, amendments allegingthe  separate publication of a libelous statement, the breach of an independent contract, the infringement of a different patent, or even a separate violation of the same statute may be subject to the defense of statute of limitations because of a failure to meet the transaction standard.
>
> On the other hand, amendments that merely correct technical deficiencies or expand or modify the facts alleged in the earlier pleading meet the Rule 15(c) test and will relate back.  Thus, amendments that do no more than restate the original claim with greater particularity or amplify the details of the transaction alleged in the preceding pleading fall within Rule 15(c).  But, if the alteration of the original statement is so substantial that it cannot be said that defendant was given adequate notice of the conduct, transaction, or occurrence that forms the basis of the claim or defense, then the amendment will not relate back and will be time barred if the limitations period has expired.

6A Wright & Miller, Federal Practice & Procedure § 1496 at pp. 70-79 (footnotes omitted).

As the Second Circuit has recently reiterated:

> Under Rule 15, the "central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading. . . . Where the amended complaint does not allege a new claim but renders prior allegations more definite and precise, relation back occurs. . . . For example, where an initial complaint alleges a "basic scheme" of defrauding investors by misrepresenting earnings and profitability, an allegation of accounts receivable manipulation in an amended complaint will relate back because it is a "natural offshoot" of that scheme. . . . And where an initial complaint alleges "inadequate internal controls" leading to overstatement of accounts receivable, a defendant is on notice of a claim in an amended complaint that it improperly recognized revenues and failed to establish sufficient reserves for doubtful accounts in violation of GAAP and industry standards. *Stevelman [v. Alias Research Inc.,]* 174 F.3d [79,] 86 [(2d Cir. 1999)]; *see also Siegel [ v. Converters Transportation, Inc.]*, 714 F.2d [213], 216 [(2d Cir.1983)]* (initial complaint seeking

recovery of all unpaid services provided and commissions paid in connection with shipping services constituted notice of each specific shipping transaction listed in amended complaint); *Tiller [v. Atlantic Coast Line R.R.]*, 323 U.S. [574,] 580-81 [(1945)] (initial complaint alleging various negligent actions by railroad that caused death provided notice of allegation of one more similar negligent action causing death). In contrast, even where an amended complaint tracks the legal theory of the first complaint, claims that are based on an "entirely distinct set" of factual allegations will not relate back.

*Slayton v. Amer. Express Co.*, 460 F.3d 215, 228 (2d Cir. 2006) (citations omitted).

Having reviewed the original complaint and the proposed second amended complaint, the Court concludes that the original complaint did not provide fair notice of the factual scenario in the proposed second amended complaint. While the allegations in the two pleadings concern the "same ultimate event" – the assault on Plaintiff – the original complaint alleged an assault by police officers on a public road in Huntington whereas the proposed second amended complaint alleges an assault by a correctional officer in a room at the correctional facility in Riverhead – some twenty-five miles or so from the situs originally alleged. *Cf. Nettis v. Levitt*, 241 F.3d 186, 193 (2d Cir. 2001) (holding that proposed amendment alleging retaliation based on plaintiff's objections concerning sales tax collection were completely different from allegations regarding retaliation in original pleading based on plaintiff's objections concerning financial irregularities practiced by a certain division), *overruled on other grounds, Slayton*, 460 F.3d at 226-28. The change is not one that simply renders prior allegations more definite and precise. While the legal theories in the two pleadings are the same, the factual allegations are significantly distinct and thus the requirements of Rule 15(c)(1)(B) have not been met.[1]

_____

[1] Because the requirements of Rule 15(c)(1)(B) have not been met, it is unnecessary for the Court to address whether the requirements of subsections 15(c)(1)(C)(i) and (ii) have been

That the original complaint was not sufficient to give notice for purposes of Rule 15(c) does not end the Court's inquiry. The Court must also address an issue that both parties have glossed over, i.e., whether the amended complaint gave sufficient notice of the matters raised in the proposed second amended complaint. As noted above, the amended complaint alleged that Plaintiff was assaulted by police officers at the Riverhead correctional facility. The proposed second amended complaint alleges the assault in the correctional facility was by corrections officers. But for the misidentification of the service branch for whom the officers worked, the proposed second amended complaint is otherwise the same as the amended complaint. However, factual similarity is only one component of Rule 15(c)'s notice requirement. Rule 15(c) also requires that the notice of the basic claim must be given within the applicable statute of limitations. *Cf. Slayton*, 460 F.3d at 228 (holding that the relevant inquiry under Rule 15(c) is "whether adequate notice of the matters raised in the amended pleading have been given to the opposing party *within the statute of limitations* by the general fact situation alleged in the original pleading") (emphasis added) (internal quotations omitted). Thus, it is important to determine whether the amended complaint was filed within the applicable statute of limitations period.[2]

Section 1983 claims arising in New York have a statute of limitations of three years. *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004); *Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir. 1994); *see also Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir.1997) (explaining that in

met.

[2]Even though the first amended complaint was filed on consent, the then consenting defendants did not waive the statute of limitations defense. Indeed, as noted earlier in the text, that defense was interposed in the answer to the first amended complaint, as well as in the initial answer.

Section 1983 actions federal law borrows the state statute of limitations for personal injury actions). The statute of limitations for a Section 1983 claim begins to runs when the "plaintiff knows or has reason to know of the injury which is the basis of his action." *Pinaud v. City of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995. "[T]he proper focus is on the time of the [unlawful] act, not the point at which the consequences of the act become [] painful.'" *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994) (quoting *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981).

According to the pleadings, the alleged assault occurred on January 8, 2003. It is on that date that the § 1983 cause of action accrued and the statute of limitations began to run. Thus, the statute of limitations for the § 1983 claim expired on or about January 8, 2006. Even using February 24, 2006, i.e. the date Coronna requested permission to amend the complaint, as the starting point, the amended complaint was not served within the statute of limitations. Thus, the proposed second amendment remains futile even if it relates back to the filing of the amended complaint because the amended complaint did not provide notice of the factual scenario in the proposed second amended complaint within the statute of limitations.

2. <u>The State Tort Claims</u>

Defendant argues that the proposed amendment vis a vis the state law claims are futile and that these claims must be dismissed because (1) they were barred by the statute of limitations at the time the original complaint was filed and (2) they are barred because Plaintiff did not comply with the notice of claim requirements of the New York General Municipal Law.

Plaintiff alleges two state tort claims: assault and battery and intentional infliction of emotional distress. Both of the alleged torts are intentional torts and governed by the one year statute of limitations in § 215 of the New York Civil Practice Law and Rules. *See, e.g., Brewton*

*v. City of New York*, 2008 WL 1958955, at *11 n.13 (E.D.N.Y. May 1, 2008); *Mitchell v. Home*, 377 F. Supp. 2d 361, 377-78 (S.D.N.Y. 2005); *Sloane v. Town of Greenburgh*, 2005 WL 1837441, at *3 (S.D.N.Y. July 27, 2005). The assault having allegedly occurred on January 8, 2003, the statute of limitations on these claims expired on or about January 8, 2004. At the time the original complaint was filed on December 23, 2005, the claims were time barred. Accordingly, the proposed amendment is futile.

In addition to being barred by the statute of limitations, the assertion of the state tort claims against the proposed new defendants would be futile because Plaintiff did not comply with the notice of claim requirement of the New York General Municipal Law.

New York General Municipal Law 50-e requires that a plaintiff must file a notice of claim prior to commencement of an action against a municipality, and must serve the notice of claim within ninety (90) days after the claim arises. N.Y. Gen. Mun. Law § 50-e. Under New York law, a notice of claim is a condition precedent to bringing certain tort actions against a municipality such as Suffolk County for damages sustained by reason of the negligence or wrongful act of the municipality or its officers, agents or employees. *See* N.Y. Gen. Mun. Law §50-I; *Hardy v. New York City Health & Hosp. Corp.,*164 F.3d 789, 793 (2d Cir. 1999). "[T]he general rule [is] that in a federal court, state notice-of-claim statutes apply to state-law claims." *Id.* (citing *Felder v. Casey*, 487 U.S. 131, 151 (1988)). Moreover, the law is clear that "[t]he notice of claim requirements apply equally to state tort claims brought as pendent claims in a federal civil rights action." *Warner v. Village of Goshen Police Dept.,* 256 F. Supp. 2d 171, 175 (S.D.N.Y. 2003). *Accord Jones v. Nassau County Sheriff Dept.*, 285 F. Supp. 2d 322, 327 (E.D.N.Y. 2003). The burden is on the plaintiff to plead and prove compliance with the requirements of § 50-i. *Panzeca*

*Inc. v. Bd. of Ed. Union Free Sch. Dist. No. 6,* , 29 N.Y.2d 508 (1971); *Stoetzel v. Wappingers Cent. Sch. Dist.*, 166 A.D.2d 643, 644 (2d Dept. 1990).

Here, Plaintiff has not pled compliance with the notice of claim requirement. Nor does she claim that in fact the notice of claim requirement was met and the omission was one of failing to plead compliance. Having failed to plead or prove compliance with the notice of claim provision, the amendment would be futile.

## II. The Motion for Summary Judgment

### A. Legal Standard

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is only appropriate where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates both the absence of a genuine issue of material fact and one party's entitlement to judgment as a matter of law. *See Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). The relevant governing law in each case determines which facts are material; "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor. *See Chertkova v. Conn. Gen'l Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996) (citing Fed. R. Civ. P. 56(c)).

### B. Summary Judgment is Granted in Part and Denied in Part

Defendants proffer three arguments in support of their motion for summary judgment.

First, it is argued that the civil rights claim against the County is barred by the failure to name an individual defendant.  Second, it is argued that dismissal against the Suffolk County Police Department is appropriate because it is an administrative arm of Suffolk County and not independently subject to suit.  Finally, it is argued that the state causes of actions are barred by the statute of limitations and the failure to comply with the notice of claim requirement.

The motion for summary judgment is granted as to the state tort causes of action.  As previously discussed the state claims are  barred by the statute of limitations and by Plaintiff's failure to plead and prove compliance with the notice of claim requirement of **§§** 50-e, 50-I of the New York General Municipal Law.  In addition, Defendants are correct, and Plaintiff does not dispute, that the Police Department is an administrative arm of the County and not independently amenable to suit. *See, e.g., Gallo v. Suffolk County Police Dept.*, 360 F. Supp. 2d 502, 505 n.1 (E.D.N.Y. 2005).  Accordingly, the state tort claims are dismissed as against all defendants and the § 1983 claim is dismissed as against the Police Department.

The Court therefore turns to the County's argument that plaintiff's failure to name an individual police officer combined with the running of the statute of limitations necessitates the dismissal of the § 1983 claim as against the County.  According to the County, because the statute of limitations has run, Plaintiff is barred from substituting a named individual for the "John Doe" and to prevail on her *Monell*[3] claim against the County she first has to prove an underlying

---

[3] *Monell v. Depart. of Soc. Serv. of the City of New York*, 436 U.S. 658 (1978). In *Monell* the Supreme Court held that  a § 1983 claim against a municipal defendant cannot be premised on respondeat superior.  Rather, a plaintiff must establish both a violation of his constitutional rights and that the violation was motivated by a municipal custom or policy  *See id.* at 690-91 (1978); *see also Coon v. Town of Springfield, Vt.*, 404 F.3d 683, 686 (2d Cir. 2005) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government

individual constitutional violation.  The County cites *City of Los Angeles v. Heller,* 475 U.S. 796,

799 (1986) and *Ricciuti v. N.Y.C. Transit Authority*, 124 F.3d 123, 132 (2d Cir. 1997) in support

of it argument.

The question in *Heller* was whether a municipality could be held liable under *Monell* for

the actions of a police officer when a jury had returned a verdict in favor of that police officer.

The Court held that it could not:

> [N]either *Monell v. New York City Dept. of Social Services* . . . nor
> any other of our cases authorizes the award of damages against a
> municipal corporation based on the actions of one of its officers
> when in fact the jury has concluded that the officer inflicted no
> constitutional harm.  If a person has suffered no constitutional
> injury at the hands of the individual police officer, the fact that the
> departmental regulations might have *authorized* the use of
> constitutionally excessive force is quite beside the point.

475 U.S. at 799.

In *Riccuti*, the District Court had granted summary judgment in favor of the municipality

after concluding that no reasonable jury could find a constitutional violation by the police officers

because a claim of inadequate training or supervision under § 1983 cannot be made out against a

municipality without a constitutional violation by the individual acting under color of state law.

The Second Circuit, having determined that a reasonable jury could find the officers had violated

the plaintiff's civil rights, found that the grant of summary judgment to the municipality on the

ground that no constitutional violation could be shown was error.  124 F.2d at 132.

While both *Heller* and *Riccuti* stand for the proposition that municipal liability under

*Monell* must be premised on an underlying constitutional violation by an individual state actor,

---

as an entity is responsible under § 1983.").

14

neither case requires that the individual be made a party to the action; they simply require that the plaintiff prove a constitutional violation by the individual as part of the *Monell* claim against the municipality. It is only when no *Monell* liability exists that the individual who perpetrated the constitutional violation must be made a party. *Cf. Soto v. Brooklyn Correctional Facility*, 80 F.3d 34, 35 (2d Cir. 1996) (holding "[t]o maintain a section 1983 action arising from conduct that was not alleged to have been part of any institutional custom or policy" the plaintiff should have named as defendants the corrections officer responsible perpetrating the constitutional violation). Here the amended complaint does not simply allege that Plaintiff's constitutional rights were violated when she was brutally assaulted by "Officer John Doe" an employee of the County; it also alleges that the County was vested with the authority and obligation to train its officers, was aware of a pattern of the use of excessive force by its officers and was aware that its discipline policy was so inadequate that it resulted in further incidents of excessive force. In other words, there are sufficient allegations to sustain municipal liability under *Monell*. While the County is correct in stating that Plaintiff must prove the underlying constitutional violation by an individual acting under color of state law, it is incorrect in its conclusions that the individual actor must be named as a party in the action and that, because the statute of limitations precludes such individual from being added as a party, the County is entitled to summary judgment.

While the County's proffered ground for summary judgment is not persuasive, it would seem that, in view of the denial of the motion to amend, Plaintiff faces major hurdles that may well prove insurmountable. These hurdles have not been addressed by the parties. Accordingly, while the Court is denying the County's motion for summary judgment at this time on the argument raised, the denial of summary judgment shall be without prejudice. Also, a conference

shall be held at which the parties should be prepared to discuss, among other things, whether Plaintiff wishes to and/or can proceed in view of the denial of the motion to further amend her complaint.

### Conclusion

For the reasons set forth above, Plaintiff's motion to amend is denied and Defendants' motion for summary judgment is granted to the extent that the state tort claims are dismissed as against all Defendants and the § 1983 claim is dismissed as against the Police Department but otherwise denied as to the sole ground raised by the County.  A conference will be held in this matter on July 14, 2008 at 2:00 p.m..

        **SO ORDERED.**

Dated: Central Islip, New York
       June 9, 2008

                                      /s/_____
                                        Denis R. Hurley
                                        Senior District Judge