UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
KATHLEEN A. CORONNA,

                Plaintiff,

      -against-

COUNTY OF SUFFOLK; SUFFOLK
COUNTY POLICE DEPARTMENT;
ONE UNKNOWN SUFFOLK COUNTY
POLICE OFFICER, JOHN DOE #1,

                Defendants.
------------------------------------------------------X

**MEMORANDUM & ORDER**
Civil Action No. 05-6016

**APPEARANCES:**

**Law Office of Andrew J. Schatkin**
Attorney for Plaintiff
350 Jericho Turnpike
Jericho, New York 11753
By: Andrew J. Schatkin, Esq.

**Christine Malafi, Suffolk County Attorney**
Attorney for Defendants
H. Lee Dennison Building
100 Veterans Memorial Highway
Hauppauge, New York 11788
By: Susan A. Flynn, Esq.

**HURLEY, Senior District Judge:**

        Plaintiff Kathleen A. Coronna ("Plaintiff" or "Coronna") commenced this action asserting claims pursuant to 42 U.S.C. § 1983 and state tort law for injuries allegedly sustained by her on January 8, 2003. Named as Defendants in the amended complaint are the County of Suffolk (the "County"), the Suffolk County Police Department ( the "Police Department"), and John Doe #1, an unknown Suffolk County Police Officer ("Officer Doe") (collectively referred to

as "Defendants"). Presently before the Court is the County's motion for summary judgment. For the reasons set forth below, the motion is granted.

## Background

Coronna commenced this action by filing a complaint on December 23, 2005. In her original complaint, Plaintiff named as defendants the County, its Police Department and "four unknown police officers of the Suffolk County Police Department Fourth Precinct." The original complaint alleged that on January 8, 2003, Plaintiff was a passenger in a 1995 car driven by another, "presently unknown," when the unknown officers illegally and unlawfully stopped the car, pulled out Coronna and brutally attacked and beat her causing serious physical injury resulting in her hospitalization. "This incident occurred on Jericho Turnpike in the town [sic] of Huntington . . . ." Compl. ¶¶ 7-8 (Docket Entry No.1). Based on these core allegations, Plaintiff asserted a federal claim under § 1983 and state tort claims for assault and battery and intentional infliction of emotional distress. Defendants filed an Answer on January 17, 2006 asserting as defenses, *inter alia*, the statute of limitations and the failure to comply with the notice of claim requirements of the New York General Municipal Law. Answer ¶¶ 12 & 14 (Docket Entry No. 2).

By letter dated February 24, 2006, Coronna requested permission to amend the complaint. (Docket Entry No. 6). A motion to amend the complaint was filed on March 14, 2006 (Docket Entry No. 8) and was granted, on consent, by Order dated March 27, 2006. Named as defendants in the amended complaint were the County, its Police Department and "one unknown Suffolk County police officer." In addition to deleting three unknown officers as defendants, the amended complaint made changes in the substantive allegations. According to the amended

complaint, in the late afternoon on January 8, 2003, Coronna was driving along Jericho Turnpike in the Town of Huntington and was proceeding to shop for clothes with about $1,000.00 on her person. She did not own the car and had no registration or insurance card as these were in the possession of the car's owner, one Richard Ferrara. Plaintiff was stopped by several Suffolk County Police Officers and was taken in a car to what she believes was the Riverhead Correctional Facility. At the facility she was taken upstairs and put in a cell where she was brutally assaulted by a police officer resulting in a six day hospitalization. Amended Complaint ¶ 7 (Docket Entry No. 8-1). Based on these allegations, Plaintiff again asserted a federal claim under § 1983 and state tort claims for assault and battery and intentional infliction of emotional distress. Defendants filed an answer to the amended complaint on April 6, 2006. Again, the statute of limitations and the failure to comply with the notice of claim requirements of the New York General Municipal Law were asserted as defenses to the action. Answer to Amended Complaint ¶¶ 11 & 12 (Docket Entry No. 10).

  Thereafter, Plaintiff sought to amend her complaint once again to "add and designate the proper parties." Plaintiff's proposed second amended complaint removed the Police Department and Police Officer John Doe as defendants and added in their stead the Suffolk County Department of Corrections and one unknown Suffolk County Corrections Officer. The substantive allegations remained the same as in the amended complaint except that the assault is alleged to have been administered by an unknown corrections officer rather than a police officer.

  By Memorandum and Order dated June 9, 2008 ("2008 Order"), the Court denied Plaintiff leave to file her second amended complaint. The Court determined that the proposed amendment was futile as barred by the statue of limitations because neither the original complaint

nor the amended complaint gave sufficient notice for purposes of Federal Rule of Civil Procedure 15(c). 2008 Order at 6-8. The 2008 Order also granted Defendants' motion for summary judgment to the extent that the state tort causes of action were dismissed against all defendants and the § 1983 claim was dismissed as against the Police Department; the County's motion for summary judgment on the § 1983 claim was denied without prejudice. As a result of the 2008 Order, the sole remaining claim in her amended complaint is Plaintiff's § 1983 claim against the County based on her alleged assault by police officers.

In support of its current motion for summary judgment, the County has proffered affidavits averring that (1) Plaintiff was arrested on January 8, 2003 by Suffolk County Police Officers Timothy Zorn and Jason Pagliano and (2) neither Officer Zorn nor Officer Paglino used any force against Plaintiff, either to take her into or maintain her in police custody.

In opposing the motion, Plaintiff does not dispute that neither Officer Zorn nor Officer Pagliano used any force against her. (*See* Pl.'s 56.1 statement.) Rather she maintains that "[a]t the Suffolk County Correctional Facility on January 8, 2003, [she] suffered injuries at the Correctional Facility in Riverhead, New York, upon admission of the Suffolk County Attorney twice in Court." In support of this assertion, Plaintiff submits her unsigned affidavit, stating that on January 8, 2003 she was arrested in Huntington and thereafter transferred to the Suffolk County Correctional Facility in Riverhead where she was attacked by several Correctional officers of the County of Suffolk, and suffered grievous injuries, necessitating surgery." She also submits the affirmation of counsel wherein counsel asserts that the Assistant County Attorney admitted that "they knew, as they previously stated to [Plaintiff's counsel] that it was corrections officers in Riverhead that had brought about, however, interpreted, the injuries that occurred to the plaintiff,

4

Kathleen Coronna."

## Discussion

I.      **Summary Judgment Standard**

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is only appropriate where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates both the absence of a genuine issue of material fact and one party's entitlement to judgment as a matter of law.  *See Major League Baseball Props., Inc. v. Salvino, Inc.,* 542 F.3d 290, 309 (2d Cir. 2008); *Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994).  The relevant governing law in each case determines which facts are material; "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see SCR Joint Venture L.P. v.* Warshawsky, 559 F.3d 133, 137 (2d Cir. 2009); *Coppola v. Bear Stearns & Co.*, 499 F.3d 144, 148 (2d Cir. 2007).  No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor.  *See SCR Joint Venture*, 559 F.3d at 137; *Chertkova v. Conn. Gen'l Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996) (citing Fed. R. Civ. P. 56(c)).

To defeat a summary judgment motion properly supported by affidavits, depositions, or other documentation, the non-movant must offer similar materials setting forth specific facts that show that there *is* a genuine issue of material fact to be tried.  *See Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996).  The non-movant must present more than a "scintilla of

5

evidence," *Del. & Hudson Ry. Co. v. Cons. Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) (quoting *Anderson*, 477 U.S. at 252), or "some metaphysical doubt as to the material facts," *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1072 (2d Cir. 1993) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)), and cannot rely on the allegations in his or her pleadings, conclusory statements, or on "mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citations omitted). Affidavits submitted in opposition to summary judgment must be based on personal knowledge, must "set forth such facts as would be admissible in evidence," and must show that the affiant is "competent to testify to the matters stated therein." *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d Cir. 2004) (citing Fed. R. Civ. P. 56(e)). "Rule 56(e)'s requirement the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavit also means that an affidavit's hearsay assertions that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial." *Patterson*, 375 F.3d at 219 (citing *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 160 (2d Cir. 1999)).

When determining whether a genuinely disputed factual issue exists, "a trial judge must bear in mind the actual quantum and quality of proof necessary to support liability," or "the substantive evidentiary standards that apply to the case." *Anderson*, 477 U.S. at 254-55. A district court considering a summary judgment motion must also be "mindful of the underlying standards and burdens of proof," *Pickett v. RTS Helicopter*, 128 F.3d 925, 928 (5th Cir. 1997) (citing *Anderson*, 477 U.S. at 252), because the evidentiary burdens that the respective parties will bear at trial guide the district court in its determination of a summary judgment motion. *See Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988). Where the non-moving party will

bear the ultimate burden of proof on an issue at trial, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the non-movant's claim. *See id.* at 210-11. Where a movant without the underlying burden of proof offers evidence that the non-movant has failed to establish her claim, the burden shifts to the non-movant to offer "persuasive evidence that [her] claim is not 'implausible.'" *Brady*, 863 F.2d at 211 (citing *Matsushita*, 475 U.S. at 587). In deciding a summary judgment motion, a court must resolve all factual ambiguities and draw all reasonable inferences in favor of the non-moving party. *See Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (2d Cir. 1987).

## II. The County's Motion is Granted

In *Monell v. Depart. of Soc. Serv. of the City of New York*, 436 U.S. 658 (1978), the Supreme Court held that a § 1983 claim against a municipal defendant cannot be premised on respondeat superior. Rather, a plaintiff must establish both a violation of his constitutional rights and that the violation was motivated by a municipal custom or policy *See id.* at 690-91 (1978); *see also Coon v. Town of Springfield, Vt.*, 404 F.3d 683, 686 (2d Cir. 2005) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.").

Here, the County is entitled to summary judgment because Plaintiff has failed to proffer evidence creating a question of fact as to whether the constitutional violation alleged, viz. the use of excessive force by a police officer, occurred. *See Ricciuti v. N.Y.C. Transit Authority*, 124 F.3d 123, 132 (2d cir. 1997) (§ 1983 *Monell* liability "cannot be made out against a supervisory body without a finding of a constitutional violation by the persons supervised.")

(citing *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986)). The Court cannot consider plaintiff's claim of excessive force by corrections officers given its determination that that claim does not relate back to the filing of the original complaint and is barred by the statue of limitation.

**Conclusion**

For the reasons set forth above, the County's motion for summary judgment is granted. The Clerk of Court is directed to enter judgment in favor of Defendants and against Plaintiff. Upon entry of judgment, the Clerk shall close this case.

**SO ORDERED.**

Dated: Central Islip, New York
      June 7, 2010

                                                /s/
                                                Denis R. Hurley
                                                Senior District Judge